**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 13-4610**

────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLOS ROMERO,

        Defendant - Appellant.

────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  George L. Russell, III, District Judge.
(1:11-cr-00527-GLR-1)

────────────

Submitted:  April 17, 2014        Decided:  April 21, 2014

────────────

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

────────────

Affirmed by unpublished per curiam opinion.

────────────

James Wyda, Federal Public Defender, Meghan Skelton, Appellate
Attorney, Greenbelt, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Justin S. Herring, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Romero was convicted following a jury trial of illegal reentry of an aggravated felon, in violation of 8 U.S.C. §§ 1326, 1101(A)(43) (2012) (Count One), and possession of a firearm and of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (Counts Two and Three). Romero appeals the 180-month sentence imposed for his illegal reentry conviction, asserting that the district court erred in failing to adequately state its reasons for the above-Guidelines sentence. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). The error asserted by Romero, failing to adequately explain the sentence imposed, would constitute a significant procedural error. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Such an explanation is required "to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50.

Here, we conclude that the district court adequately explained its variance sentence. Explicitly referencing the sentencing factors of 18 U.S.C. § 3553(a), the court provided a detailed rationale for its sentence. The court stated that the 180-month sentence was warranted in light of Romero's history of violence and leadership role in a gang. The court also noted

2

the extremely seriously nature of the offense and the need for adequate deterrence to Romero and similarly-situated individuals. Finally, the court explained the need to protect the public from Romero, who has demonstrated "extraordinarily violent behavior," has expressed no desire to disaffiliate from the gang, and became a gang leader at a relatively young age.

Accordingly, we conclude that the district court did not commit the procedural sentencing error asserted by Romero. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED